MAJOR, OF COLOR
vs.
WINN'S ADM'R.

*Ewing & Bowling,* for plaintiff.

---

CHANCERY.

Case 25.

September 28.

## Major, of color, *vs.* Winn's adm'r.

APPEAL FROM CHRISTIAN CIRCUIT.

Judge SIMPSON delivered the opinion of the court.

1. Slaves can only be emancipated by writing.
2. A contract by a purchaser of a slave, by which he agrees to emancipate the slave at a future period, cannot be enforced by the slave. (11 B. *Monroe,* 239.) It can only be enforced by the party contracting, by compelling specific execution.

The complainant in this case is not only held in slavery, but he is actually a slave. No writing has

ᵈever been executed emancipating him. The right to
freedom under the law can only be conferred on a
slave by a charter of manumission, and none having
been made conferring this right on the complainant,
he is still a slave.

It was alleged in the bill exhibited by the complain-
ant, that Martin, his former owner, when he sold him
to the defendant's intestate, did not intend to sell him
as a slave during life, but only during the life of the
purchaser, at whose death he was to be free; that al-
though this was the verbal contract between the par-
ties, the bill of sale executed by Martin did not con-
tain that part of the agreement which secured to the
complainant his freedom, but purported, according to
its terms, to sell him to the purchaser, absolutely as a
slave, and that the reservation of freedom to com-
plainant was omitted to be inserted in the bill of sale,
through the ignorance and mistake of the vendor, and
the fraud of the purchaser.

If these allegations be true, still, as no act had been
done which emancipated the complainant, he is not
free. Slaves cannot maintain a suit in their own
names to have a contract for their emancipation spe-
cifically executed. (*Henry &c.* v. *Nunn's heirs,* 11 *B.
Monroe,* 239, *and the cases cited,*) Neither can they
maintain a suit for the purpose of correcting a mistake
and having an instrument of writing altered, that it
may be so constructed as to confer upon them the
right of freedom. A suit to effect the latter object is
substantially a suit for the enforcement of the con-
tract between the vendor and vendee. The contract,
as executed, does not accomplish this object, and,
therefore, its re-execution, or in other words, a spe-
cific execution of it according to its terms is necessary
to effectuate the intention of the parties. The vendor
might maintain a suit in his name for this purpose.
The appropriate relief under such circumstances,
would consist either in vacating the bill of sale that
had been executed, and having one executed by the
vendor, according to the terms of the contract, or,

MAJOR, OF COLOR
*vs.*
WINN'S ADM'R.

1. Slaves can
only be eman-
cipated by writ-
ing.

2. A contract
by a purchaser
of a slave, by
which he agrees
to emancipate
the slave at a
future period,
cannot be en-
forced by the
slave. (11 *B.
Monroe,* 239.) It
can only be en-
forced by the
party contract-
ing, by com-
pelling specific
execution.

which would more directly attain the same end, in re-, quiring the vendee or his personal representative to execute a writing emancipating the slave. The decree which would be necessary to carry into effect the agreement of the parties, illustrates by its nature and character, that the operative act by which freedom would be conferred on the slave, has hereafter to be performed, and that consequently no such right exists at present. As the complainant, therefore, had not been emancipated, he had no right to sue, and his bill was properly dismissed.

Wherefore the decree is affirmed.

*B. & J. Monroe, Sharp,* and *McKee,* for appellant; *McLarning,* for appellee.